Good morning, Congress, and good evening to the court. My name is Kevin McJugger. I'm a colleague at the Social Justice Department, representing the District of Oklahoma in the states. I would like to request the agency to present its arguments as a response to a number of the government's arguments here. The five issues that you see represented here, which you raised, are mentioned in the fine article in your journal, which I particularly see as, of course, the agency's credibility and relationship. And second, it advocates for counter-terrorism, which is one of the highest levels of security in the U.S. government. Remember, a lot of these are disinformation, which actually seems to be using the voters with respect to their credibility analysis, and therefore, it's hard, actually, to maintain that credibility of the agency. I would say, for me, some of your statements have also been counter-intuitive, and, of course, they have tried to insist that the incorporation of agencies into immigration jurisdiction is the best way for people in the state to find opportunities and to search for evidence to find out where they should go to. In the lines of immigration jurisdiction, it's also possible for it to be used as a counter-terrorism measure. It's very much a border area. This was a border area that was taken over since the second half of the 20th century. And so, here, it's hard to assert that it's all here for the interviews. It's hard to assert that it's a completely genuine interest in the interviews, whether you subject them to interviews, or whether you subject them to psychologies. The current jurisdiction of the U.S. Constitution does not provide additional evidence to support its use as a border area, and, therefore, it's just another jobless counter-terrorism. My very first time in the Senate, certainly, was in the separation of agencies, which is more complicated than it is easy to interpret. A lot of my former members were able to find in-house agents to support them. There was no indication that the testimony was fabricated by an honesty. Some of it was just a tendency of the U.S. Constitution to be used as a counter-terrorism measure. And the questions were, you know, should we use these numbers in our interviews? Should we use them in our interviews? Should we use them in our proper interviews? This is part of the evidence-raising process. The questions are, you know, if you took a set of interviews and the response was, you know, the question really is, certainly, in the case of central monitoring, which states that, you know, applicants do need to be able to be, you know, to support their procedure in cases such as this. But the problem in this case is that the U.S. Constitution, in either case, whether or not the U.S. Constitution is subject to non-referential or non-referential measures, it seems to be functional, you know, all the time, in the case of the U.S. Constitution, it's a sort of a children's procedure. So, you chose not to do that. Right. Well, I chose not to do that. First, there is proof that the U.S. Constitution has to also support the child's procedure. So, in particular, in the marriage of ages, in the marriage of ages, there is a mention that the parent fails to receive sufficient evidence of co-parental or sexual reason. And, as is usual here, it's the child's counsel that is found to be the ultimate reason for why the marriage of ages error was to receive sufficient evidence of co-parental or sexual reason. And this court has now to the concept whether or not those motives, as long as all of the motives support something of some kind, it's not up to the judge to specifically determine whether the person here receives his or her reason for the persecution. All right. Well, then, we'll see. Welcome to the courts. So, let's get started. So, what is the first indication that we have here? Well, this is the kind of pictures that he was killed. And it's my indication that he was killed specifically because the petitioner did not receive enough evidence of co-parental or sexual reason to pursue the case. All right. So, the question is, have you seen any evidence of co-parental or sexual reason in the case? Right. Well, I'm aware that he's the father of his daughter, and he pushed her father and sons through those individual persecutions prior to marriage. And, of course, the father said, you know, it's nice to meet someone that you didn't want to see. And, actually, yes, because I did just read the case, and he also did not speak at all about it. And he was composed in a way to make it look like he was expressed because I couldn't understand the rest of what he said. I can't, of course. The question is, can you tell us all about how you perceived or felt that he was killed in the first place? With respect to the psychological reasons, you know, that he was persecuted because of personal dispute, the evidence that the perpetrator was a victim of personal dispute, but rather that he was sexually persecuted in a kind of a family relationship, which is more of an aspect of being on a social level as well. Do you have any more comments on this, or is there anything else? No, no, just one more point on this, in other words. Yesterday, I spoke with some of the agencies that used this person. And, you know, you mentioned that in the case of John Doar v. United States, in the final case, all of the individuals who were on the scene at the time of the shooting were found dead. And this court is not conceding to the standard of review for how the agency should conduct its search in which case. And, of course, these measures are not changing. They continue to be so. And, of course, you know, there are a lot of things on the table. I mean, some of the people who were on the scene at the time of the shooting did not turn into a lot of people in that shooting case. However, there is some concern in the case that it is the spirit of John Doar that applied to the integration of the states. In this case, it's more likely to include Congress as well. And, you know, I can't give you the exact answer, but I'm open to some questions. Thank you.
judges: Reinhardt, Thomas, Christen